# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PATRICIA SPRYE         *
                               *
                               *

    v.                          *           Civil No. CCB-15-00245
                               *
                               *

ACE MOTOR ACCEPTANCE      *
CORPORATION                 *
                               *

                        ********

## MEMORANDUM

Plaintiff Patricia Sprye brings this lawsuit against Defendant Ace Motor Acceptance

Corporation ("Ace"), alleging that its installation and activation of an "Ignition Interrupt/GPS

System" device ("the device") on her car constituted negligence, conversion, and trespass against

chattels; and that Ace violated Maryland's Credit Grantor Closed End Credit Law ("CLEC"),

Md. Code Ann., Com. Law § 12-1001 *et seq*, the Maryland Consumer Debt Collection Act

("MCDCA"), Md. Code Ann., Com. Law § 14-202 *et seq*, and the Maryland Consumer

Protection Act ("MCPA"), Md. Code Ann, Com. Law § 13-101 *et seq*.  Now pending are two

motions filed by Ace: a partial motion to dismiss and for summary judgment (ECF No. 12), and

a supplemental motion to dismiss the entire complaint or for summary judgment (ECF No. 17).

The two motions are fully briefed, and no oral argument is necessary.  *See* Local R.

105.6.  For the reasons set forth below, Ace's motions will be denied.

## BACKGROUND

This dispute involves a used car that Sprye bought on March 31, 2012 from A-1 Auto

Sales, Inc.  Sprye, a resident of Baltimore County, made a down payment and financed the

remainder of the purchase price at a 24% annual interest rate. (Compl., ECF No. 2 ¶¶ 2, 7).[1] A-1 immediately sold and assigned the Rental Installment Sale Contract ("RISC") to Ace, a North Carolina corporation, to whom Sprye made her payments. The relationship between Sprye and Ace began to deteriorate soon thereafter, when Ace allegedly mishandled some of Sprye's payments and began charging her "unwarranted . . . late fees." (*Id.* ¶ 11). Ace also allegedly contacted members of Sprye's family to inform them that she was behind on her car payments—falsely, according to Sprye. (*Id.* ¶12). Sprye acknowledges, however, that she did fail to submit her May 2014 monthly payment to Ace. (*Id.* ¶13). Although Sprye contacted Ace on June 2 and attempted to make payments for May and June, and later in June tried to directly wire payments to Ace's account, Ace allegedly refused Sprye's attempted payments. (*Id.* ¶¶ 14–15). On June 23, 2014, Ace repossessed Sprye's car despite her belief that she was not in default at that time. (*Id.* ¶ 16).

At this point Sprye's allegations diverge from the facts proffered by Ace. Sprye alleges in her complaint that for the first time since she purchased the car, Ace required her to install an Ignition Interrupt/GPS System device as a condition of releasing the car. (*Id.* ¶¶ 17–18). The device would permit Ace to remotely disable her vehicle if she failed to make her monthly payments. Although Sprye resisted and initially refused to sign any documentation allowing installation of the device, Ace would not release her car absent her consent. (*Id.* ¶¶ 20–21). After relenting, Sprye paid for the costs associated with the repossession and, allegedly, the installation cost for the device—$1416.13. (*Id.* ¶ 23). After payment, while driving the car back

---

[1] Discussing the background of this case is complicated by the fact that Ace has filed a joint motion to dismiss under Rule 12 and a motion for summary judgment under Rule 56. Well-pleaded allegations are acceptable under the former, while admissible evidence is required under the latter. For purposes of this section, Sprye's allegations will be accepted as true but Ace's objections will be noted where appropriate.

from Ace's repossession agent, Sprye parked the car to run an errand.  Sprye alleges that Ace

activated the device at that point, because the car did not start when she returned to the car.  (*Id.*

¶¶ 24–26).  Sprye contacted Ace and the device's manufacturer in an unsuccessful attempt to get

her car re-started and Sprye eventually paid to tow the car to a mechanic.  (*Id.* ¶¶ 27–32).  After

the mechanic removed the device, Sprye was able to start her car which then functioned

normally.

Ace disputes these specific allegations, or at least offers explanations that absolve it from

responsibility.  To briefly summarize, Ace claims that Sprye knew and acknowledged when she

purchased the car from A-1 that installing the device was required under the RISC.  Installing the

device after the June 2014 repossession, therefore, was a *reinstallation* according to Ace and not

the first time.  Moreover, Ace claims that it has no record of activating the device on the day

Sprye alleges her car would not start, and Ace cannot explain and indeed disputes that the device

had any role in Sprye's car not starting.  Finally, Ace argues that because it has evidence

demonstrating Sprye's awareness and acknowledgment of the device as a condition of

purchasing the car in the first instance, she has not been truthful with this court and her entire

complaint should be dismissed.

Sprye's complaint was filed in the Circuit Court for Baltimore City on December 11,

2014, and was removed to this court on January 28, 2015.  (ECF No. 1).  As discussed above, her

complaint contains six counts—three Maryland common law and three Maryland statutory

claims.  In its first motion, Ace seeks to dismiss Counts V and VI and moves for summary

judgment on Counts I–IV and part of Count V.  (ECF No. 12).  In its supplemental motion, Ace

seeks to dismiss the entire complaint or, in the alternative, for summary judgment in its favor on

Counts I–IV, VI, and part of V.  (ECF No. 17).

**STANDARD**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is

genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir.) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)), *cert. denied*, 134 S. Ct. 681 (2013).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48.  The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, --- F.3d ---, No. 13-2212, 2015 WL 1062673, at *4 (4th Cir. Mar. 12, 2015).  At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 2003)).

## ANALYSIS

Ace requests this court to take the following actions: (1) dismiss Sprye's entire complaint based on her alleged fraud and unclean hands; or (2) grant summary judgment to Ace on Counts I-IV, VI, and part of V, and/or (3) dismiss part of Counts V and VI.  Ace's first request and its motion for summary judgment will be denied without prejudice as premature.  Ace's motion to dismiss parts of Counts V and VI also will be denied without prejudice in the interest of judicial efficiency.  Each is addressed in turn.

## I.      Ace Has Not Adequately Demonstrated Sprye Intentionally Defrauded The Court.

Ace seeks dismissal of Sprye's entire complaint based on the allegation that she has defrauded this court.  (ECF No. 17).  In support Ace attached transcripts of telephone conversations between it and Sprye which, Ace argues, contradict Sprye's complaint and her sworn affidavit offered in opposition to Ace's first pending motion.  (ECF No. 15-1).  While the allegations are troubling, the harsh sanction of dismissal is premature.

It is true that the telephone conversations cited by Ace suggest that Sprye had some degree of knowledge about the device when she purchased the vehicle in 2012—far earlier than the June 2014 repossession.  Sprye has not had the opportunity to conduct discovery, however, or to explain more fully her knowledge and assumptions regarding the RISC and device when she bought the car as compared to when Ace repossessed it.  Indeed, the gravamen of Sprye's complaint is that Ace was deceptive and misleading throughout most of their contractual relationship, and that Sprye was confused as to  her and Ace's respective rights regarding the car. There also are factual discrepancies about the operation of the car and the need for monthly codes that do not fully support Ace's claim that Sprye has attempted to mislead the court.

If, after discovery, there is clear proof of knowing and material misrepresentations by the plaintiff, a renewed motion for sanctions may be warranted.  Dismissal at this point for fraud, however, is not.

## II.      Ace's Motions for Summary Judgment are Premature.

Ace also moves for summary judgment on Counts I–IV, VI, and part of V of Sprye's complaint based on evidence it attached to both pending motions.  (ECF Nos. 12 & 17).  Because these motions are pre-discovery and Sprye has filed a Rule 56(d) affidavit in opposition, Ace's

motions for summary judgment will be denied without prejudice as premature.  If warranted, Ace may renew them at the close of discovery .

In general, "[a] district court . . . must refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) (internal quotation marks omitted).  One method by which the non-movant can demonstrate a need for discovery is to file an affidavit explaining why "it cannot present facts essential to justify its opposition" pursuant to Federal Rule of Civil Procedure 56(d).[2]  Although courts should not allow plaintiffs to engage in a "fishing expedition," *Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D. Md. 2002), Rule 56(d) affidavits are particularly persuasive when the information sought by the non-movant "is possessed only by her opponent." *Estate of Ingle v. Yelton*, 439 F.3d 191, 196–97 (4th Cir. 2006); *see also Willis v. Town of Marshall*, 426 F.3d 251, 263–64 (4th Cir. 2005) (noting that a fact essential to the plaintiff's case was "wholly within the knowledge" of the defendant).

Here, Sprye has sufficiently demonstrated that discovery could produce facts necessary for her to prove her case or at least genuinely dispute material facts introduced by Ace.  The evidence cited by Ace is necessarily one-sided and, therefore, provides an incomplete picture of the factual context based on its "asymmetric access to information" as argued by Sprye.  (ECF No. 18 at p. 2).  In the affidavit submitted by Sprye's counsel, he lists seven factual questions on which Sprye will seek to conduct discovery.  (ECF No. 15-5 ¶ 4).  Most appear relevant and central to Sprye's allegations.  Accordingly, Ace's motions for summary judgment will be

---

[2] Prior to the 2010 Amendments, the affidavit provision was in subdivision (f) and was therefore cited by courts as a "Rule 56(f) affidavit."  This opinion refers to the current Rule 56(d) subdivision.

denied without prejudice.  *See, e.g.*, *Chernova v. Elec. Sys. Servs., Inc.*, 247 F. Supp. 2d 720, 723

(D. Md. 2003) (denying summary judgment as premature where plaintiff demonstrated she was

"invoking the protections of Rule 56(f) in good faith . . . Moreover, plaintiff has not been lax in

discovery because she has not yet had an opportunity to conduct any discovery").

### III.    Ace's Motion to Dismiss Will Also Be Denied Without Prejudice.

Finally, Ace moves to dismiss portions of Counts V and VI of Sprye's complaint under

Rule 12(b)(6), arguing that Sprye has not adequately pleaded plausible claims on which relief

can be granted.  This motion also will be denied without prejudice based on the interest of

judicial efficiency.  Even if Ace's limited Rule 12(b)(6) motion were granted, Sprye would still

retain viable claims in other portions of both Counts V and VI.

The court will not consider the exhibits attached to Ace's motion to dismiss.  Such

documents are extrinsic evidence that may be considered only if "they are integral to the

complaint and authentic."  *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Ace's exhibits go far beyond the allegations contained in Sprye's complaint and involve factual

matters that are in dispute.

Turning to Ace's Rule 12(b)(6) motion, it is narrow and does not encompass all claims

within each count.  In Count V, Sprye alleges that Ace violated three sections of the MCDCA: §

14-202(3), (5), and (8).  Ace only seeks dismissal, however, of the claim under § 14-202(3).

Similarly, in Count VI, Sprye alleges that Ace violated the MCPA through "unfair practices" and

also through its independent MCDCA violation alleged in Count V.  Even if the court were to

accept Ace's arguments regarding the facial deficiency of Sprye's "unfair practices" claim,

Sprye's MCPA claim based on Ace's alleged MCDCA violation would remain.  Because Ace is

not seeking complete dismissal of either count, and the court is denying Ace's motions for

summary judgment as premature, the motion to dismiss also will be denied in the interest of efficiently moving this case forward.

## CONCLUSION

For the reasons stated above, Ace's pending motions to dismiss or for summary judgment will be denied without prejudice.  A separate order follows.


_____08/31/2015_____                                   _____/s/_____
Date                                                                    Catherine C. Blake
                                                                             United States District Judge